UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02893

**Martinez-Lopez,**
*Petitioner,*
v.
**Blanche, et al.,**
*Respondents.*

## ORDER

Darwin Usvaldo Martinez-Lopez is a native and citizen of Honduras currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States without inspection on or about 2008. On or about September 21, 2026, Petitioner was taken into federal immigration custody. Petitioner has pending applications for asylum and withholding of removal. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

On October 13, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process.[1] His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates due process. But the Fifth Circuit has rejected this argument, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, 193 F.4th 837, 847, 856 (5th Cir. 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at 845 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at 849.

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at 858 (cleaned up). Here, "removal remains a viable prospect," so "continued

---

[1] Petitioner mentions that he was arrested in 2015 for obstruction of highway-intoxication and in 2018 for driving while intoxicated and was released on "immigration bond" both times. ECF No. 1 at ¶¶ 31, 32. Petitioner does not assert any claims concerning the revocation of his "immigration bond," but even if he had, such claims would not entitle him to habeas relief. Conditional parole under 8 U.S.C. § 1226(a) is discretionary, may be revoked "at any time[,]" and does not alter Petitioner's legal status as an applicant for admission under section 1225(b). 8 U.S.C. § 1226(b); *Cardoso-Reyes v. Mullin*, 841 F. Supp. 3d 98, 102 (W.D. Tex. 2026). Petitioner asserts no other form of parole or bond which would entitle him to habeas relief.

detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 20, 2026.*



ANDREW DAVIS
United States District Judge